# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

TIMOTHY GENTRY,          )
)
           Plaintiff,     )
vs.                        )        NO.  CIV-18-1106-HE
)
JOHN B. FOX,             )
)
           Defendant.   )

## ORDER

Plaintiff Timothy Gentry, a federal prisoner appearing *pro se*, filed this § 1983 action seeking injunctive relief to prevent his transfer to Forrest City Arkansas FCI and for access to various legal materials and money to pay for postage to file legal papers.  Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Gary M. Purcell for initial proceedings.

Judge Purcell has issued a Report and Recommendation (the "Report") recommending that the action be dismissed for failure to pay the filing fee or submit a proper application to proceed *in forma pauperis* ("IFP"), to prosecute this action, and to comply with the court's order to cure filing deficiencies.  Plaintiff has objected to the Report which triggers *de novo* review by this court of proposed findings or recommendations to which objection has been made.

Judge Purcell's order to cure deficiencies noted that plaintiff had not filed an IFP motion nor paid the filing fee and that his complaint was not on the proper 42 U.S.C. § 1983 form.  Judge Purcell also ordered that the proper forms be mailed to plaintiff with a copy of the order.  Plaintiff never filed a proper IFP motion and never submitted the § 1983

form.  Plaintiff's objection, however, notes that he did request to proceed IFP in his original filing with the court.  But plaintiff did not comply with LCvR 3.3 which requires prisoner IFP applicants to "submit an application to proceed in forma pauperis on forms approved by this court" and to "include a certificate executed by an authorized officer of the appropriate penal institution stating" specified required information.  Thus, plaintiff has failed to comply with this court's order, has not properly sought IFP status, and his § 1983 complaint is not on the proper form and does not supply the court with the equivalent information as required by the form as required by LCvR 9.2(a).

Plaintiff argues, however, that he never received the court's November 13, 2018, order to cure deficiencies, but the court's records indicate that it was properly mailed to his last known address at FTC, Oklahoma City.  "Papers sent by the court will be deemed delivered if sent to the last known address given to the court."  LCvR 49.4(a).  His first notice of address change was a letter he sent to the court and received January 2, 2019.  Doc. # 6.[1]  Plaintiff, however, was also mailed a notice of address change form the same day his complaint was received.

Further, plaintiff's objection and letter note that he has been transferred to FCI, Forrest City, Arkansas.  Plaintiff's letter to the court [Doc. # 6] notes that his request for an injunction to block his transfer to Arkansas is now moot, but his original complaint seeks additional relief.  It is unclear, however, whether the alleged § 1983 violations occurred while plaintiff was housed at FTC, Oklahoma City in this district or at his prior

---

[1] *References to filings with this court are to the CM/ECF document and page number.*

place of incarceration. Venue would only be proper in this district if "a substantial part of the events or omissions giving rise to the claim occurred" while he was housed in Oklahoma City. 28 U.S.C. § 1391(b)(2).

Because it is unclear whether this court is even a proper venue for plaintiff's action and because plaintiff has failed to comply with this court's order and local rules, the court concludes this action should be dismissed. Accordingly, the Report and Recommendation [Doc. #5] is **ADOPTED**. Plaintiff's complaint [Doc. #1] is **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

Dated this 9th day of January, 2018.

_____
JOE HEATON
CHIEF U.S. DISTRICT JUDGE